No. SC-CV-62-97

# Supreme Court of the Navajo Nation

**Jack Whitehorse Jr., Appellant,**

v.

**Kayenta Chapter, District No. 8; The Navajo Nation;
Ben Johnson, Chapter President; James Clitso,
Vice-President; Rose J. Yazzie, Secretary/Treasurer;
and Agents, Appellees.
Decided July 13, 1998**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Joel E. Sannes, Esq., Flagstaff, Arizona, for the Appellant; and Nona L. Etsitty, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Appellees.

Opinion delivered by CADMAN, Associate Justice.

This is an appeal of the Kayenta District Court's dismissal of Appellant's petition for an immediate temporary restraining order, the grant of summary judgment, and an award of damages to Appellees. On the basis of the briefs alone, we hold that the District Court did not abuse its discretion and we affirm its decision.

I

This case arose as a result of a dispute over a lease for use of the Kayenta Field House ("Field House"), between the Kayenta Chapter and Jack Whitehorse Jr. ("Appellant"). On August 13, 1997, the Appellant filed a petition for a temporary restraining order and preliminary injunction against the Kayenta Chapter, District No. 8; The Navajo Nation; Ben Johnson, Chapter President; James Clitso, Chapter Vice-President; Rose J. Yazzie, Chapter Secretary-Treasurer; and their Agents ("Appellees").

On August 21 and 22, 1997, the Appellees were served with the petition. On September 8, 1997, the Appellees filed their answer and counterclaim requesting injunctive relief, back rent, and compensation for any damages to the Field House. On September 10, 1997, the District Court issued a temporary restraining order against the Appellant.

The Appellant's original petition was heard on October 2, 1997. The case was to be called at 1:30 P.M., but it was rescheduled to 1:40 P.M. because the

Appellant telephoned the court and said he would be ten minutes late. The Appellant did not appear until five minutes after the case was called at 1:40 P.M. During the Appellant's absence, the Appellees moved for dismissal of the Appellant's petition for failure to prosecute. The District Court dismissed the Appellant's petition with prejudice for failure to prosecute. The Appellees then moved for summary judgment on their counterclaim for an injunction and introduced evidence on the issue of damages. The Appellant was given an opportunity to contest the evidence but did not do so. The District Court granted summary judgment and awarded $4,666.27 as damages to the Appellees for the Appellant's failure to pay the Field House's utility bills. The damage award was based on an affidavit by Kayenta's Community Service Coordinator, Russell Gould, who stated a precise amount for unpaid utilities. On October 13, 1997, the District Court issued its written order.

## II

The Appellant raises three procedural issues on appeal:

1. Whether the District Court abused its discretion by dismissing the Appellant's petition after being fifteen minutes late for the hearing, although he had called the court to notify it that he would be late, and appeared only five minutes later than he said he would;

2. Whether the District Court erred in granting the Kayenta Chapter and Navajo Nation summary judgment without having before it a written motion for summary judgment, or a response from the Appellant to the oral motion for summary judgment; and

3. Whether the District Court erred in awarding damages to the Kayenta Chapter and Navajo Nation.

## III

We review the District Court's order of dismissal for abuse of discretion. In reviewing discretion, the question is whether the court acted within the rules, principles, and customs properly applied to the facts of the case. *Platero v. Mike*, 7 Nav. R. 130, 132 (1995). We will not overturn decisions based upon the use of judicial discretion unless it clearly appears in the record that the discretion was abused, such as in *Benally v. Navajo Housing Authority*, 3 Nav. R. 55, 56 (1981). We find no abuse of discretion in this case.

The Appellant first contends that the Kayenta District Court abused its discretion when it dismissed his petition for appearing late for the October 2, 1997 hearing. The parties and their representatives are responsible for complying with proper procedural requirements. The District Court has the discretion to determine the nature and sufficiency of that compliance. *Tome v. Navajo Nation*, 5 Nav. R. 14, 16 (1984). Here, the Appellant specifically asked for a ten minute delay and the District Court granted it for his benefit. However, the Appellant

failed to appear within the time he said he would and did not justify his tardiness. Thus, the Appellant's conduct caused his petition to be dismissed.

If a plaintiff fails to prosecute or to comply with Navajo Rules of Civil Procedure, a defendant may move for dismissal of an action or any claim against him. Rule 39(b), Nav. R. Civ. P. (1989). The Appellees were correct in moving to dismiss for failure to prosecute and the District Court did not abuse its discretion when it granted the motion. Further, the District Court correctly dismissed the Appellant's petition with prejudice. A dismissal for failure to prosecute operates as an adjudication on the merits. Rule 39(b), Nav. R. Civ. P. Thus, the Appellant is precluded from litigating the same claims.

Next, the Appellant contends that the District Court erred in granting summary judgment to the Appellees on an oral motion. While it is recommended, a written motion for summary judgment is not required during in-court proceedings. The court will determine whether summary judgment is appropriate. *Peshlakai v. Redd*, 4 Nav. R. 164, 165 (1983). "A party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time move with or without supporting affidavits for summary judgment in it (sic) favor as to all or any part of a claim." Rule 56(b), Nav. R. Civ. P. A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show no genuine issue as to any material fact. *Thomas v. Succo*, 7 Nav. R. 63, 64 (1993). The record does not show that the Appellant answered any of the Appellees' counterclaims filed on September 8, 1997. Therefore, the District Court was correct in granting Appellees' motion for summary judgment as there was no genuine issue as to any material fact.

Finally, the Appellant contends that he was not afforded notice and an opportunity to be heard on the issue of damages. We disagree. The Appellant had notice on the issue of damages since September 8, 1997, when the Appellees filed their answer and counterclaim requesting injunctive relief, back rent, and "compensation for any damages done to the Field House while in Mr. Whitehorse's possession." The District Court allowed the Appellant to present a defense and he chose to do nothing. The Appellant was given ample notice and sufficient opportunity to be heard. The District Court did not violate the Appellant's right to due process.

A plaintiff has the burden of proving the amount of his damages with reasonable certainty. It is common for trial courts to request documentary evidence to support claims for damage when such evidence is incomplete or inaccurate. *Wilson v. Begay*, 6 Nav. R. 1, 5-7 (1988). The District Court also has discretion to request supplemental evidence that may make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 7, Nav. R. E. (1978). Thus, the District Court's request for evidence showing the exact amount of money owed for utilities for assessing actual damages was appropriate.

## IV

Procedural due process requires adherence to the fundamental principles of justice and fair play. It encompasses the requirements of notice, an opportunity to be heard, and to defend oneself before a tribunal with jurisdiction to hear the case. *Yazzie v. Jumbo*, 5 Nav. R. 75, 76 (1986). The written record reflects that the District Court provided procedural due process to the Appellant.

It is ORDERED that the Kayenta District Court's order granting dismissal, preliminary injunction and damages is affirmed.